UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-00530-JLS-ADS                                    Date: September 01, 2021
Title: Kayla Carrillo v. Merck and Co., Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Melissa Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                              Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING MOTION TO REMAND (Doc. 21)**

Before the Court is Plaintiff Kayla Carrillo's ("Carillo") Motion to Remand ("Motion"). (Mot., Doc. 21.) Defendant Merck & Co., Inc. and Merck Sharp & Dohme Corp. ("Merck") opposed, and Carillo replied. (Opp., Doc. 31; Reply, Doc. 32). The Court finds this matter appropriate for decision without oral argument, and the hearing set for September 3, 2021 at 10:30 a.m. is VACATED. Fed. R. Civ. P. 78(b); L.R. 7-15. For the following reasons, the Court GRANTS Carillo's Motion.

**I.   BACKGROUND**

On February 2, 2021, in the Superior Court of California (County of Orange), Carillo filed a complaint ("Complaint") against Defendants Merck, MemorialCare Medical Group, Gina Posner, M.D., and Julie Fallon, M.D. (Declaration of Celeste M. Brecht ¶ 3, Doc. 2; Compl. ¶¶ 2-9, Doc. 1-1.) All parties to the action are California citizens other than the Merck Defendants, who are New Jersey citizens. (Compl. ¶¶ 2-9, Doc. 1-1; Mot. at 6, Doc. 21.) Carillo alleges that she suffered injuries after "receiving multiple injections of the Gardasil vaccine, which was designed, manufactured, labeled, and promoted by defendants Merck & Co., Inc., and Merck, Sharp and Dohme

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00530-JLS-ADS                                   Date: September 01, 2021
Title:  Kayla Carrillo v. Merck and Co., Inc. et al

Corporation . . . , and prescribed and administered by medical provider defendants, Gina Posner, M.D., and Julie Fallon, M.D. at MemorialCare Medical Group." (Compl. ¶ 1, Doc. 1-1.)

Carillo alleges that she "was 12 years old when she received her first shot of Gardasil on August 17, 2012 at the recommendation of Gina Posner, M.D. at a MemorialCare facility." (*Id.* ¶ 348.)  Shortly thereafter, Carillo allegedly "developed migraines, dizziness, and numbness" as well as some seizure activity. (*Id.* ¶¶ 351-52.) Carillo contends, however, that she received her "serious disabling injuries" and diagnoses after her second dose of Gardasil on October 21, 2014. (Mot. at 11, Doc. 21.) On October 23, 2014, two days after her second dose, Carillo alleges she "collapsed at school while running in her P.E. class." (Compl. ¶ 355, Doc. 1-1.)  Since the second Gardasil dosage, Carillo alleges "she has been diagnosed with various medical conditions, including but not limited to, dysautonomia, postural orthostatic tachycardia syndrome ('POTS'), orthostatic intolerance ('OI'), mast cell activation syndrome ('MCAS'), complex migraine headaches, seizure disorder, vasculitis, eosinophilic esophagitis, endometriosis, and interstitial cystitis." (Compl. ¶ 361.)

Accordingly, Carillo brings the following claims under California law against Defendants for the injuries she has allegedly sustained:  (1) negligence; (2) strict liability (failure to warn); (3) strict liability (manufacturing defect); (4) breach of warranty; (5) common law fraud; (6) violation of California's Unfair Competition Law, (7) medical malpractice, (8) battery, and (9) breach of fiduciary duty. (*Id.* ¶¶ 369-514.)  The last three causes of action (medical malpractice, battery, and breach of fiduciary duty) are alleged solely against Gina Posner, Julie Fallon, and MemorialCare Medical Group (collectively, the "MemorialCare Defendants").

On March 22, 2021, Merck removed the action to this Court. (Notice of Removal, Doc. 1).  Merck contends that this Court has diversity jurisdiction, 28 U.S.C. § 1332,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00530-JLS-ADS                                      Date: September 01, 2021
Title:  Kayla Carrillo v. Merck and Co., Inc. et al

federal question jurisdiction, 28 U.S.C. § 1331, and jurisdiction based on the federal officer removal statute, 28 U.S.C. § 1442(a)(1).  (Opp. at 1-2, Doc. 31, Notice of Removal, Doc. 1.)

## II.  LEGAL STANDARD

The "[f]ederal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Therefore, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal quotation marks omitted).  For a defendant seeking to remove pursuant to 28 U.S.C. § 1441, which permits removal based on diversity and federal-question jurisdiction, there exists a "'strong presumption against removal.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  This "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Id.* (internal quotation marks omitted).  On the other hand, courts construe 28 U.S.C. § 1442, the federal officer removal statute, "broadly in favor of removal." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).  However, a defendant seeking to remove pursuant to Section 1442(a) must still "demonstrate" that they fall within the statute's requirements. *Id.* at 1251.

## III.  DISCUSSION

Merck contests Carrillo's Motion on three grounds. *First*, Merck argues that the Court has diversity jurisdiction because the non-diverse defendants were "fraudulently joined" to defeat jurisdiction.  (Opp. at 1, Doc. 31.) *Second*, Merck argues that this Court has federal-question jurisdiction because Carillo's Complaint invokes "'federal law'" and Carillo's "state-law claims necessarily require resolution of substantial federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00530-JLS-ADS                         Date: September 01, 2021
Title:  Kayla Carrillo v. Merck and Co., Inc. et al

questions." (*Id.*)  *Third*, Merck argues that the Court has jurisdiction pursuant to the federal officer removal statute because Carillo claims that "Merck was 'acting under' federal agencies when it supposedly conspired with federal bodies to conceal safety information from the public." (*Id.* at 2.)  Merck's arguments are addressed in turn.

### A.     Diversity Jurisdiction

Merck claims that this Court has diversity jurisdiction.[1]  "Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  "In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Id.*  Merck acknowledges that the MemorialCare Defendants share the same citizenship as Carillo (i.e., the MemorialCare Defendants and Carillo are California citizens).  (Opp. at 4, Doc. 31.)  However, Merck argues that the Court should ignore the citizenship of the MemorialCare Defendants because they were "fraudulently joined" in this action "[s]oley in an effort to thwart the proper removal of this case." (*Id.*)

A defendant can demonstrate fraudulent joinder, as relevant here, if it can show the "'inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC*, 889 F.3d at 548.  A plaintiff's "'failure'" to state a cause of action must be "'obvious according to the settled rules of the state.'" *Weeping Hollow Ave. Tr. v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016).  "[I]f there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that joinder was proper and remand the case to the state court." *Grancare, LLC*, 889 F.3d at 548 (internal quotation marks

---

[1] The parties do not contest that the amount-in-controversy requirement has been met in this case.  (*See* Opp. at 4, 4 n.3, Doc. 31.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00530-JLS-ADS                       Date: September 01, 2021
Title: Kayla Carrillo v. Merck and Co., Inc. et al

omitted). A defendant asserting "federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.'" *Id.*

The Court begins and ends its inquiry as to fraudulent joinder with Carillo's medical malpractice claim against the MemorialCare Defendants. The parties do not dispute that Carillo's medical malpractice claim is subject California Civil Procedure Code Section 340.5.[2] Section 340.5 states, in relevant part:

> In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first. In no event shall the time for commencement of legal action exceed three years unless tolled for any of the following: (1) upon proof of fraud, (2) intentional concealment, or (3) the presence of a foreign body, which has no therapeutic or diagnostic purpose or effect, in the person of the injured person.

Cal. Civ. Proc. Code § 340.5. Merck argues that Carillo's "injury" for purposes of her medical malpractice claim occurred, at the latest, on October 23, 2014—the date when Carillo collapsed after she received her second Gardasil vaccine. (Opp. at 5.) Under Section 340.5, some California courts have noted that "once there is a manifestation of

---

[2] Merck argues that Carillo's battery and breach of fiduciary duty claims are also subject to Section 340.5. (Opp. at 11, Doc. 31.) Even if Merck's contentions are correct, Merck's arguments as to Carillo's battery and breach of fiduciary duty fail for the same reasons as their medical malpractice arguments. (*See infra* p. 5-6.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:21-cv-00530-JLS-ADS | Date: September 01, 2021 |
| Title: Kayla Carrillo v. Merck and Co., Inc. et al | |

the injury in some significant way, the three-year limitations period begins to accrue." *Garabet v. Superior Ct.*, 151 Cal. App. 4th 1538, 1546 (2007). Therefore, Merck contends, Carillo's claims are time-barred since she did not initiate her state-court suit until February 2, 2021. (*Id.*)

However, Merck has not demonstrated that Carillo's medical malpractice claim is "obviously" time barred under California law. For example, a California court could find that Carillo's medical malpractice claim is subject to equitable or fraudulent concealment tolling. *See* Cal. Civ. Proc. Code § 340.5. While Merck argues that Carillo has failed to plead fraud or concealment with "specificity" (Opp. at 6 n.6), Carrillo could possibly cure the alleged defects with amendment. *See, e.g.*, *Grancare, LLC*, 889 F.3d at 550 ("The district court must consider, as it did in this case, whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.").

Moreover, Carillo alleges other injuries/diseases in the Complaint, separate and apart from her October 23, 2014 collapse, which could trigger a different statute of limitations date. *See, e.g.*, *Pooshs v. Philip Morris USA, Inc.*, 250 P.3d 181, 191 (Cal. 2011) (holding that "when a later-discovered disease is separate and distinct from an earlier-discovered disease, the earlier disease does not trigger the statute of limitations for a lawsuit based on the later disease"); *Hunter v. Boeing N. Am., Inc.*, 2014 WL 12587036, at *4 (C.D. Cal. July 21, 2014) (noting that the illness alleged in the complaint "refers not to the manifestations of radiation poisoning, but to the injuries which stemmed *from* radiation poisoning" and therefore at the pleading stage "fair-minded jurists would agree that Plaintiff does allege separate and distinct injuries that fall under *Pooshs*"); *Lauris v. Novartis AG*, 2016 WL 4249816, at *6 (E.D. Cal. July 22, 2016), *report and recommendation adopted*, 2016 WL 4210367 (E.D. Cal. Aug. 9, 2016) ("Whether the later discovered cerebral atherosclerosis is the same disease or a separate and distinct disease is an issue that this Court cannot decide on a motion to dismiss.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00530-JLS-ADS                              Date: September 01, 2021
Title:  Kayla Carrillo v. Merck and Co., Inc. et al

      Merck nonetheless argues that Carillo's later medical conditions/diseases are "interrelated" and "manifested before April 9, 2015." (Opp. at 9, Doc. 31.)  Yet, Carillo pled no dates as to many of the later medical conditions/diseases. (*Id.* at 8 n.8.)  And to the extent that Merck argues that Carillo failed to sufficiently allege that the later conditions are distinct from her earlier conditions, such "arguments go to the sufficiency of the complaint, . . . they do not establish fraudulent joinder."  *Grancare, LLC*, 889 F.3d at 552.  In any event, Merck's arguments all but ignores the Court's inquiry at this stage: whether there exists any possibility that a California court could find that the Complaint states timely causes of action against the non-diverse defendants "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in plaintiff's favor."  *Hastie v. Home Depot U.S.A., Inc.*, 2016 WL 4414770, at *6 (C.D. Cal. Aug. 18, 2016) (internal quotation marks omitted) (Staton, J.)  "[T]he Court need not determine whether, in fact, [Carillo] is able to establish the applicability of these exceptions" or reach the merits of Carillo's claims.  *Id.*  As Merck has failed to carry its heavy burden in establishing that Carillo's claims are time-barred, fraudulent joinder has not been established.  *See Weeping Hollow Avenue Trust*, 831 F.3d at 1113.

      Merck argues in the alternative that the Court should sever the non-diverse defendants based on misjoinder.  In particular, Merck argues that "[a]lthough Plaintiff's claims against both sets of Defendants nominally involve Gardasil, the factual and legal bases are entirely different, and [thus] severance is proper."  (Opp. at 14, Doc. 31.)  However, Merck's arguments are not only unpersuasive—as Carillo's claims against Defendants share overlapping facts—but are contrary to California law.  *See*, *e.g.*, Cal. Civ. Proc. Code § 379.  Indeed, federal courts in California have regularly found fraudulent misjoinder arguments inapplicable in similar suits.  *See*, *e.g.*, *Goodwin v. Kojian*, 2013 WL 1528966, at *4 (C.D. Cal. Apr. 12, 2013) (Staton, J.) (noting that "fraudulent misjoinder does not apply" in action alleging products liability and negligence claims as "Plaintiff's claims all stem from the implantation of the Mesh Products that caused severe injury to Plaintiff, and much of the factual basis supporting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00530-JLS-ADS  Date: September 01, 2021
Title: Kayla Carrillo v. Merck and Co., Inc. et al

these claims overlaps"); *N.C. ex rel. Jones v. Pfizer, Inc.*, 2012 WL 1029518, at *4 (N.D. Cal. Mar. 26, 2012) (finding fraudulent misjoinder argument inapplicable in part because "[t]he claims for relief asserted against all defendants are premised on the harmful effects produced by the drug Dilantin"). Accordingly, the Court denies Merck's alternative request to sever.

### B.  Federal Question Jurisdiction

Merck also argues that this Court has federal-question jurisdiction. (Opp. at 19, Doc. 31.) "Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). The well-pleaded complaint rule "provides that an action 'aris[es] under' federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Id.* A case can arise under federal law in two ways. *First*, "a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). *Second*, a "federal question over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258. For the latter "'special and small category,'" a defendant must meet all four requirements to demonstrate federal question jurisdiction. *Id.* Merck argues that it has established that the case arises under federal law in the two ways described above. Merck's arguments are unpersuasive.

### 1.  Federal Law Does Not Create the Causes of Action Asserted in the Complaint

Merck has failed to establish federal-question jurisdiction on the basis that the alleged federal laws at issue "creates the cause of action[s] asserted" in the Complaint. *Gunn*, 568 U.S. at 257. Here, is undisputed that Carillo's Complaint "does not state a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00530-JLS-ADS                                     Date: September 01, 2021
Title:  Kayla Carrillo v. Merck and Co., Inc. et al

claim that 'arises under' federal law." *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000).  All nine causes of action asserted in the Complaint arise under California law.  (*See*, *e.g.*, Compl. ¶¶ 369-514.)  In addition, the remedies Carillo seeks also sound in state law.  (*Id.* p. 87.)  Therefore, federal-question jurisdiction simply "does not attach here" because Carillo's Complaint alleges "state—not federal—causes of action." *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013).

Merck argues nonetheless that the Court should find federal-question jurisdiction because the Complaint references federal law.  (*See*, *e.g.*, Opp. at 15-16.)  However, Carillo's references to federal law here "are insufficient to support federal jurisdiction under the well-pleaded complaint rule." *Id.*; *Arco*, 213 F.3d at 1113 ("repeated references" to federal law does not "create[] the cause of action under which ARCO sues"); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (9th Cir. 1996) ("The direct and indirect references to Title VII in those two state law causes of action do not make those claims into federal causes of action.").  As a result, Merck cannot establish federal-question jurisdiction on the basis that "federal law creates the cause[s] of action asserted." *Gunn*, 568 U.S. at 257.

### 2.  Federal Issues Within State Law Claims Do Not Dictate Federal Question Jurisdiction

Merck has also failed to establish that the alleged federal issues within Carillo's Complaint invokes federal-question jurisdiction.  As noted above, state causes of action invoke federal jurisdiction only where the "federal issue is:  (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258.  "This type of federal question jurisdiction applies to a 'special and small category' of cases." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 674 (9th Cir. 2012).  A defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00530-JLS-ADS                                  Date: September 01, 2021
Title:  Kayla Carrillo v. Merck and Co., Inc. et al

failure to meet even one of the four requirements is fatal.  *See City of Oakland v. BP PLC*, 969 F.3d 895, 907 (9th Cir. 2020).

Here, Carillo's Complaint does not "necessarily raise" a substantial federal question.  Carillo's Complaint exclusively alleges state-law causes of action, which are resolvable without relying upon alleged violations of federal law.  For example, "[f]ederal law is not a necessary element of [Carillo's] UCL claim."  *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003).  As the Ninth Circuit has explained, a plaintiff in alleging a UCL claim does not need to rely upon violations of federal law because "[a] practice is prohibited" under the UCL "as 'unfair' or 'deceptive' even if not 'unlawful' or vice versa.'"  *Id.*; *see also* Cal. Bus. & Prof. Code § 17200.  In addition, Carillo's claims rely upon California common law theories, which do not necessarily require that a defendant violated federal law.  *See*, *e.g.*, *Collins v. W. Coast Ultrasound Inst., Inc.*, 2012 WL 6094176, at *3 (C.D. Cal. Dec. 7, 2012) (noting that federal-question jurisdiction does not attach where the plaintiff's complaint relies upon, among other things, "California common law fraud"); *Vieira v. Mentor Worldwide, LLC*, 2018 WL 4275998, at *1 (C.D. Cal. Sept. 7, 2018) (finding that state-law claims of negligence, strict product liability (failure to warn), and strict product liability (manufacturing defect) do not "necessarily depend on a question of federal law").  Therefore, as is the case here, "'[w]hen a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.'"  *Nevada*, 672 F.3d at 675.

Furthermore, the Complaint's references to federal law do not necessarily raise "substantial questions of federal law."  *City of Oakland*, 969 F.3d at 905 (internal quotation marks omitted).  As noted above, the complaint asserts state-law causes of action that do not necessarily turn on whether Merck violated federal law.  *See City of Oakland*, 969 F.3d at 906 (state-law claim did not "raise a substantial federal question" as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00530-JLS-ADS                  Date: September 01, 2021
Title: Kayla Carrillo v. Merck and Co., Inc. et al

"[a]djudicating the claim does not require resolution of a substantial question of federal law: the claim neither requires an interpretation of a federal statute, nor challenges a federal statute's constitutionality"). Moreover, Merck has not demonstrated that the issues in this case are important "to the federal system as a whole," other than possibly highlighting that the federal issues are "significant to the particular parties in the immediate suit." *Gunn*, 568 U.S. at 260; *Vieira*, 2018 WL 4275998, at *5 (C.D. Cal. Sept. 7, 2018) (finding no "substantial federal question" as the case "is a simple product liability dispute").

Accordingly, Merck has failed to establish federal-question jurisdiction.[3]

### C. Federal Officer Removal Statute

Lastly, Merck argues that this Court has jurisdiction over this case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). Section 1442(a)(1) authorizes removal of a state-court against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such officer." 28 U.S.C. § 1442(a)(1). "To invoke § 1442(a)(1) removal, a defendant in a state court action 'must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018). Merck "is plainly a 'person' within the meaning of § 1442(a)." *Id.*

---

[3] The Court "need not consider the remaining requirements articulated in *Grable*," as Merck plainly failed to establish that the Complaint necessarily raises a substantial federal question. *City of Oakland*, 969 F.3d at 905.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00530-JLS-ADS                                       Date: September 01, 2021
Title:  Kayla Carrillo v. Merck and Co., Inc. et al

     However, the parties dispute whether Merck's actions were "'taken pursuant to a federal officer's directions.'"  *Id.*  "For a private entity to be acting under a federal officer, the private entity must be involved in an effort to assist, or to help carry out, the duties or tasks of the federal superior."  *Id.* (internal quotation marks omitted).  The typical case "is a private person acting under the direction of a federal law enforcement officer."  *Id.*  A private entity "'simply complying with the law' does not bring . . . [that entity] within the scope of the federal officer removal statute."  *Id.*  Nor does an entity acting pursuant to a "'regulatory order (even a highly complex order)'" suggest that the entity "is acting under a federal officer."  *Id.*

     Here, even construing the removal statute broadly, Merck has not established that its actions were taken pursuant to a federal officer's directions.  Indeed, Merck suggests otherwise in its Opposition.  (*See* Opp. at 22 n. 22 ("Merck denies all of Plaintiff's allegations regarding any concerted action taken by Merck and government officers.").  Instead, Merck argues that this case falls within the federal removal statute because Carillo alleged that "federal agencies led an effort with Merck to conceal information about Gardasil from the public."  (*Id.* at 22.)  However, Merck's arguments rest on mischaracterization of the allegations in Carillo's Complaint, as her Complaint focuses primarily on actions that Merck took in producing, marketing and distributing Gardasil.  (*See*, *e.g.*, Compl. ¶ 137 ("Merck has repeatedly concealed or incorrectly identified Gardasil ingredients to the FDA and the public."); ¶ 374 ("At all times relevant to this litigation, Merck new, or, in the exercise of reasonable care, should have known of the hazards and dangers of Gardasil"); *id.* ¶ 404 ("To this day, Merck has failed to adequately and accurately warn of the true risks of Plaintiff's injuries, including but not limited to, POTS, OI, mast cell activation, and autoimmune diseases.").)

     As Merck at most alleges that it is a private entity "'simply complying with the law,'" this action does not fall within "the scope of the federal officer removal statute." *Fidelitad, Inc.*, 904 F.3d 1100.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:21-cv-00530-JLS-ADS                                  Date: September 01, 2021
Title:  Kayla Carrillo v. Merck and Co., Inc. et al

### IV.     CONCLUSION

     For the above reasons, Carillo's Motion is GRANTED.  The Clerk shall remand this action to the Superior Court of California, County of Orange, Case No. 30-2021-01182274-CU-PL-CJC.

                                                               Initials of Deputy Clerk: mku